# EXHIBIT A

Verification, Case Docket and Superior Court Documents

<u>VERIFICATION</u>

STATE OF ARIZONA )
                        ) ss.
COUNTY OF MARICOPA )

I, Byron J. Babione, hereby state, under the penalty of perjury, that the following information is true to my knowledge, information and belief:

1.     I am one of the attorneys for Defendant State of Arizona in the matter of *Jasmyne Rudd v. State of Arizona, et al.,* CV2020-093215, currently pending in the Superior Court of the State of Arizona, County of Maricopa, before the Honorable Tracey Westerhausen.

2.     On July 9, 2020, I filed a Notice of Removal under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446 seeking to remove *Jocelyn Kinsey v. State of Arizona, et al.,* CV2020-092467, to the United States District Court for the District of Arizona.

3.     In compliance with 28 U.S.C. § 1441(a), 28 U.S.C. § 1446 and LRCiv. 3.6(b), I certify that the attached documents are true and accurate copies of pleadings and other documents that were filed in the Superior Court of the State of Arizona, Maricopa County, *Jasmyne Rudd v. State of Arizona, et al.,* CV2020-093215. Also attached is a true and accurate copy of the court docket in *Jasmyne Rudd v. State of Arizona, et al.,* CV2020-093215.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 9th day of July, 2020.

_____
BYRON J. BABIONE

#8802868

 > Docket

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2020-093215 | Judge: | Westerhausen, Tracey |
| File Date: | 5/15/2020 | Location: | Southeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Jasmyne Rudd | Plaintiff | Female | Jody Broaddus |
| State Of Arizona | Defendant | | Pro Per |
| Tremaine Jackson | Defendant | Male | Dennis Wilenchik |

## Case Documents

| Filing Date | Description | Docket Date | Filing |
|---|---|---|---|
| 6/26/2020 | ANS - Answer | 6/26/2020 | |
| NOTE: Defendant Tremaine Jackson's Answer to Complaint / EFILE BILLING $245.00 | | | |
| 6/18/2020 | AFS - Affidavit Of Service | 6/22/2020 | |
| NOTE: TREMAINE JACKSON | | | |
| 6/18/2020 | AFS - Affidavit Of Service | 6/22/2020 | |
| NOTE: STATE OF ARIZONA | | | |
| 5/15/2020 | COM - Complaint | 5/18/2020 | |
| 5/15/2020 | CCN - Cert Arbitration - Not Subject | 5/18/2020 | |
| 5/15/2020 | CSH - Coversheet | 5/18/2020 | |

## Case Calendar

There are no calendar events on file

## Judgments

There are no judgments on file

JEFF FINE
Clerk of the Superior Court
By Sharon Szakacs, Deputy
Date 05/15/2020 Time 15:21:55
Description                          Amount
-------- CASE# CV2020-093215 --------
CIVIL NEW COMPLAINT                  333.00

TOTAL AMOUNT                         333.00
        Receipt# 27787432

**Marc J. Victor, SBN 016064**
**Jody L. Broaddus, SN 020122**
ATTORNEYS FOR FREEDOM
3185 South Price Road
Chandler, Arizona 85248
Phone: (480) 755-7110
Fax: (480) 857-0150
Marc@AttorneyForFreedom.com
Jody@AttorneyForFreedom.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JASMYNE RUDD, an individual, | Case No.: CV2020-093215 |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| STATE OF ARIZONA, a municipal entity, and TREMAINE JACKSON, in his official and individual capacities, | **(42 U.S.C. § 1983 Violations, Intentional Infliction of Emotional Distress, and Assault)** |
| Defendants. | |

Plaintiff Jasmyne Rudd, by and through undersigned counsel, for her Complaint against Defendants alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff brings this action pursuant to 42 U.S.C § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution; and pendent state common and statutory laws.

2.    Jurisdiction and venue are proper in the Court pursuant to A.R.S. § 12-122, *et seq*.

3.    The events at issue in this lawsuit occurred in the State of Arizona.

4.    Plaintiff is, and was at all material times, a resident of the State of Arizona.

5.     Defendant State of Arizona (hereinafter referred to as "Arizona") is a municipal corporation formed and designated as such pursuant to Title 9 of the Arizona Revised Statutes. Arizona is subject to a civil suit and may be held liable both independently and vicariously, as permitted by federal and state law, for the wrongful conduct of its officers, employees, agents, districts, and divisions/sub-divisions, including the Arizona Department of Public Safety ("DPS") and its officers and employees.

6.     At all times material to this Complaint, Defendant Tremaine Jackson ("Jackson") was resident of the State of Arizona.

7.     At all times material to this Complaint, Defendant Jackson was an agent and employee of Defendant Arizona and was acting within the course and scope of is employment with DPS. Defendant Jackson is sued both in his official and individual capacities for purposes of Plaintiff's claims under 42 U.S.C. § 1983.

8.     On or about September 13, 2019, Plaintiff timely submitted a notice of claim pursuant to A.R.S. § 12-821.01 for damages arising from the events complained of and alleged herein.

## DISCOVERY TIER

9.     Pursuant to Ariz. R. Civ. P. 26.2(c)(3), the Court should assign this case to the following tier based on the amount of damages requested:

☐ Tier 1 = Actions claiming $50,000 or less in damages.

☐ Tier 2 = Actions claiming more than $50,000 and less than $300,000.00 in damages, OR Actions claiming nonmonetary relief.

☒ Tier 3 = Actions claiming $300,000 or more in damages.

## GENERAL ALLEGATIONS

1. On May 17, 2019, Plaintiff Jasmyne Rudd was driving her vehicle in Phoenix, Arizona when she was pulled over by DPS Trooper Defendant Tremaine Jackson. Defendant Jackson claimed Plaintiff was on her cell phone and asked Plaintiff to get out of the vehicle.

2. Plaintiff was immediately terrified because she did not understand why she was asked to step out of the vehicle for alleged phone use. Despite this, she complied with his order, and he then directed her to the back of her vehicle and began making conversation with her.

3. Defendant Jackson asked Plaintiff about her life. Plaintiff stated she had just moved from Denver to Phoenix because of extreme domestic violence issues she was having with an ex-boyfriend.

4. Defendant Jackson responded to Plaintiff's statement by saying he didn't believe her because she was a crazy "busty green-eyed Latina" and she probably had a body in her trunk at that moment.

5. Defendant Jackson never used Plaintiff's name and only referred to Plaintiff as a "busty green-eyed Latina" during their conversation.

6. Plaintiff was perplexed and scared because of Defendant Jackson's erratic behavior. She did not want to irritate or make Defendant Jackson angry because Plaintiff was already fearful of what Defendant Jackson would do to her if she did not cooperate with his demands.

7. Defendant Jackson then asked Plaintiff what she does for work and escalated the conversation into a sexual nature.

8. Defendant Jackson asked her if she knew what "pegging" was. Plaintiff stated she did not, and Defendant Jackson continued to explain the process of how to use a sexual device for the act. Plaintiff was in disbelief that an Arizona State Trooper was actually explaining how to perform a sexual act to her. Plaintiff was mortified. Defendant Jackson then asked Plaintiff if she would ever "peg" someone. Plaintiff stated she definitely would not, but Defendant Jackson said he was getting excited just at the thought of it.

9.    To make matters worse, Defendant Jackson told Plaintiff she's lucky he hadn't shot her yet because she was making his ass clench.

10.    Plaintiff was extremely uncomfortable during the stop and was now even more terrified for her safety than ever.

11.    Defendant Jackson segued the conversation to the topic of prostitution by stating two consenting adults can do whatever they want.

12.    Defendant Jackson stated Plaintiff looks like the type of "busty green-eyed Latina" that would be into prostitution.

13.    Plaintiff adamantly denied this assertion.

14.    Defendant Jackson received two calls for service during his detainment of Plaintiff but did not respond to either of them.

15.    Defendant Jackson started to approach Plaintiff even more and, because Plaintiff was so uncomfortable and terrified, she walked back to her vehicle and got inside of it.

16.    Defendant Jackson handed Plaintiff an envelope and asked if she had Snapchat and if she would add him as a friend.

17.    Plaintiff begrudgingly added Defendant Jackson on Snapchat and to hopefully end the stop.

18.    Before he left, Defendant Jackson stated that he was married and to not speak about what happened with him during the stop with anyone.

19.    Plaintiff immediately blocked Defendant Jackson from her Snapchat account once he left the scene.

20.    Defendant Jackson kept the Plaintiff about an hour for the purported traffic stop.

21.    Plaintiff contacted DPS due to Defendant Jackson's conduct. She filed an internal complaint with the Professional Standards Unit. Eventually, it came to light that Defendant

Jackson was under investigation for at least nine separate occasions where he attempted to engage in sexual activities with women while in the course and scope of his employment with DPS.

22. Plaintiff later discovered upon being pulled over by a Scottsdale Police Officer that Defendant Jackson issued her a citation during the traffic stop on May 17, 2019.

23. During this traffic stop, Plaintiff pulled out the envelope in which she thought was her registration, to discover it contained a ticket issued by Defendant Jackson and not her registration. Defendant Jackson falsified documents related to the citation issued against Plaintiff.

24. Further, because Defendant Jackson kept her registration, Defendant Jackson knew where Plaintiff lived since May 17, 2019, and because of this, Plaintiff was petrified.

25. Plaintiff could not help but imagine endless scenarios of the things Defendant Jackson was capable of doing with knowledge of where she lived.

26. As a result of Defendant Jackson's actions, Plaintiff moved again so he could not appear at her home or take any actions against her with that information.

10. Plaintiff was later contacted by DPS because Defendant Jackson was under investigation for at least eight separate occasions where he attempted to engage in sexual activities with women while in the course and scope of his employment with DPS.

11. Currently, Defendant Jackson is facing 61 counts of various criminal charges, including, but not limited to, sexual abuse, attempted sexual abuse, attempted sexual assault, unlawful sexual conduct, sexual extortion, unlawful imprisonment, kidnapping, harassment, forgery, fraudulent schemes and artifices, fraudulent schemes and practices, willful concealment, and tampering with a public record, all related to his crusade to victimize women during unlawful, baseless traffic stops.

12. Defendant Jackson deliberately disregarded and failed to employ proper protocols and use proper methods to execute a traffic stop.

13.   Defendant Jackson was unlawful, unnecessary, and unreasonable in his detainment of Plaintiff.   The subsequent assault of Plaintiff was unlawful, unprovoked, unwarranted, unjustified, callous, depraved, perverted, and disturbing.

14.   The acts and omissions of Defendant Jackson alleged herein were taken on behalf of, for the benefit of, and as agents of Defendant Arizona. Also, such acts and omissions occurred in the course and scope of the Defendant's employment with Defendant Arizona.   Upon information and belief, the acts and omissions were either authorized by, were directed or caused by, or were consistent with or performed pursuant to policies, practices, and customs of Defendants Chandler. Therefore, Defendant Arizona is liable for all such acts and omissions, as well as Plaintiff's injuries and damages that result from such acts and omissions.

15.   Defendant's wrongful conduct deprived Plaintiff's rights secured to her by the Constitution and the laws of the United States, including, among other things:

   a.   The right to be free from unreasonable search or unreasonable seizure;

   b.   The right to be free from the use of unreasonable, unjustified, and excessive force;

   c.   The right to be free from deprivation of life, liberty, or property without due process of law; and

   d.   The right to be free from summary punishment.

16.   Defendants' wrongful acts and omissions have had, and will continue to have, an extremely detrimental impact on the Plaintiff, and her damages are significant.   Plaintiff was subject to unlawful force by the Defendants, which has resulted in lifelong damages.   As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages in an amount to be proven at trial.

17.   Defendant's acts and omissions were evil, malicious, and undertaken willfully and wantonly to abuse Plaintiff with a reckless disregard of the substantial risk of serious harm to

Plaintiff. Defendant acted with an evil mind. Therefore, Plaintiff is entitled to punitive or exemplary damages.

18.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to recover her reasonable attorneys' fees and costs, including expert fees.

**COUNT ONE**

**42 U.S.C. § 1983 – Civil Rights Violations**

**(Against Defendant Jackson)**

19.     Plaintiff re-alleges and incorporates by reference their claims, facts, and allegations contained in the paragraphs above, as if set forth fully herein.

20.     Plaintiff was not committing any crime and was abiding all traffic laws at the time Defendant Jackson initiated a traffic stop, and there was no probable cause to believe she was in the process of committing a crime, nor reasonable suspicion.

21.     Plaintiff did not resist or attempt to flee from Defendant Jackson when he made contact with her.

22.     The traffic stop initiated by Defendant Jackson against Plaintiff was unlawful.

23.     Defendant Jackson's conduct towards Plaintiff was unlawful, unprovoked, unwarranted, unjustified, callous, depraved, perverted, and disturbing.

24.     Defendant Jackson's conduct violated clearly established constitutional rights, which any reasonable person would have known such conduct would do so. Therefore, Defendant Jackson is not entitled to qualified immunity.

25.     Defendant's wrongful conduct and unconstitutional actions were the moving force of Plaintiff's damages.

26.     Defendant Jackson's conduct towards Plaintiff was unlawful, unprovoked, unwarranted, unjustified, callous, depraved, perverted, and disturbing. Further, Defendant Jauregui's willful and wanton acts and omissions constitute reckless disregard and/or assault.

27. Defendant Jackson's unlawful acts against Plaintiff, violated the duties of care Defendant Jackson owed to the Plaintiff and amounts to a complete disregard for human life.

28. As a direct and proximate result of wrongful acts and omissions of Defendant Jackson, Plaintiff has suffered severe damages and emotional trauma.

29. As a direct and proximate result of wrongful acts and omissions of Defendant Jackson, Plaintiff is entitled to recover injuries and damages in an amount to be determined at trial.

30. Defendant Jackson's unlawful and malicious acts deprived Plaintiff of her rights in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

31. Defendant Jackson acted with intent to cause injury and his wrongful conduct was motivated by spite or ill will or he acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that his conduct might significantly injure the rights of Plaintiff. Defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff. Thus, deterrence and punishment are appropriate. Therefore, Plaintiff is entitled to an award for punitive damages.

## COUNT TWO

### Intentional Infliction of Emotional Distress

### (Against Defendant Jackson)

32. Plaintiff re-alleges and incorporates by reference their claims, facts, and allegations contained in the paragraphs above, as if set forth fully herein.

33. Defendant Jackson's conduct was extreme and outrageous as an average member of society would regard his conduct as atrocious, intolerable in a civilized community, and beyond all possible bounds of decency. Further, his conduct has been considered criminal.

34. Defendant Jackson's conduct was either intentional or reckless. Defendant Jackson either sought to cause Plaintiff emotional distress or was aware of and disregarded the near certainty that the conduct would result in emotional distress.

35. As a result of Defendant Jackson's conduct, Plaintiff has suffered severe emotional distress.

## COUNT THREE

### Assault

### (Against Defendants Jackson and Arizona)

36. Plaintiff re-alleges and incorporates, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

37. Defendant has a statutory and common law duty to assure the safety and well-being of persons and a duty to protect Plaintiff from harm that may be caused by the use of force under color of law.

38. Defendant Jackson intentionally and willfully assaulted Plaintiff, and he intended to and/or had a reckless disregard toward the near certainty of harm to Plaintiff. Defendant Jackson's conduct wrongfully and intentionally subjected Plaintiff to an unreasonable risk of serious harm.

39. Defendant Jackson subjected Plaintiff to conduct that was unlawful, unprovoked, unwarranted, unjustified, callous, depraved, perverted, and disturbing, as alleged above.

40. A reasonable person under the same circumstances would have known that Plaintiff was inappropriately subjected to the use of unreasonable and unjustified force by Defendant Jackson.

41. Defendant Jackson was, at all times material hereto, acting within the course and scope of his employment with Defendant Arizona, and Defendant Arizona is vicariously liable for the actions of Defendant Jackson.

42. Defendants' breaches of duty caused or contributed to Plaintiff's injuries.

43.     As the result of Defendant Jackson's assault, Plaintiff has suffered, and will continue to suffer from permanent pain, anguish, stress, shock, and mental damages; and economic and non-economic damages in an amount to be proven at trial.

44.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages and for judgment against Defendants as follows:

A.     General and compensatory damages in an amount to be proved at trial;

B.     For taxable costs and pre and post judgment interest to the extent permitted by law;

C.     Punitive damages in an amount deemed just and reasonable as permitted by law against Defendant Jackson;

D.     For costs and attorneys' fees against under Arizona law, the Constitution, and laws of the United States, including 42 U.S.C. § 1988;

E.     Such other and further relief which may seem just and reasonable under the circumstances.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues in this matter triable to a jury.

RESPECTFULLY SUBMITTED this 15th day of May, 2020.

ATTORNEYS FOR FREEDOM

By: _____
Jody L. Broaddus, Esq.
Marc J. Victor, Esq.
Attorneys for Plaintiff

**In the Superior Court of the State of Arizona
in and for the County of** Maricopa

Case Number CV2020-093215

## CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

Plaintiff's Attorney Jody L. Broaddus, Esq.

Attorney Bar Number 020122

Is Interpreter Needed?  ☐ Yes  ☒ No
If yes, what language:

CLERK OF THE SUPERIOR COURT
FILED
MAY 1 5 2020                     3:48 pm
S. Szakacs, Deputy

Plaintiff's Name(s): (List all)    Plaintiff's Address:      Phone #:       Email Address:

Jasmyne Rudd, c/o Attorneys For Freedom Law Firm, 3185 South Price Road, Chandler, Arizona 85248, 480-755-7110

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

The State of Arizona

Tremaine Jackson

(List additional Defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION

(Place an "**X**" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☒ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O    ☐ 124 Other

**130 CONTRACTS:**

☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
　　☐ 136 Six to Nineteen Structures
　　☐ 137 Twenty or More Structures

**150-199 OTHER CIVIL CASE TYPES:**

☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
　　(A.R.S. §23-212)



☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Special Action against Lower Courts
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
   (A.R.S. §§1-501, 1-502, 11-1051)

### 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
   (All other tax matters must be filed in the AZ Tax
   Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute- Other
☐ 190 Declaration of Factual Innocence
   (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination
☐ 185 Employment Dispute-Other
☐ 196 Verified Rule 45.2 Petition
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☐ 163 Other _____
           (Specify)

### RULE 26.2 DISCOVERY TIER or AMOUNT PLEADED:

(State the amount in controversy pleaded or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.)

☐ Amount Pleaded $ _____     ☐ Tier 1    ☒ Tier 2    ☐ Tier 3

### EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC    ☐ Election Challenge
☐ Employer Sanction              ☐ Other (Specify) _____

### COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the commercial Court. More information on the commercial Court, including the most recent forms, are available on the Court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

CLERK OF THE
SUPERIOR COURT
FILED
S. SZAKACS, DEP

20 MAY 15 PM 3: 16

1 | Marc J. Victor, SBN 016064
Jody L. Broaddus, SN 020122
2 | ATTORNEYS FOR FREEDOM
3 | 3185 South Price Road
Chandler, Arizona 85248
4 | Phone: (480) 755-7110
Fax: (480) 857-0150
5 | Marc@AttorneyForFreedom.com
6 | Jody@AttorneyForFreedom.com
*Attorneys for Plaintiff*

7

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8

### IN AND FOR THE COUNTY OF MARICOPA

9

10 | JASMYNE RUDD, an individual,  | Case No. CV 2020-093215

11 |          Plaintiffs,

12 | v. | **CERTIFICATE OF COMPULSORY ARBITRATION**

13 | STATE OF ARIZONA, a municipal entity, and TREMAINE JACKSON, in his official
14 | and individual capacities,

15 |          Defendants.

16

17 | The undersigned certifies that she knows the dollar limits and any other limitations set forth

18 | by the local rules of practice for this court, and further certifies that this case is **NOT** subject to

19 | compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil

20 | Procedure.

DATED this 15th day of May, 2020.

21

22 |                          ATTORNEYS FOR FREEDOM

23

24 | By: _____
Jody L. Broaddus, Esq.
25 | Marc J. Victor, Esq.
*Attorneys for Plaintiff*

26

Attorneys for Freedom Law Firm
3185 South Price Road
Chandler, AZ 85248
(480) 765-7110



### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

JASMYNE RUDD, an individual

               Plaintiff,

vs.

STATE OF ARIZONA, a municipal entity; et al
              Defendant.

Case Number: CV2020-093215

**RETURN OF SERVICE**

Received by Maricopa County Process Service, PLLC on the 12th day of June, 2020 at 3:18 pm to be served on **STATE OF ARIZONA, a municipal entity, c/o Office of Attorney General, 2005 N Central Ave, Phoenix, AZ 85004.**

I, Jennifer Aymong, do hereby affirm that on the **15th day of June, 2020** at **11:57 am, I:**

served a **GOVERNMENT AGENCY** by delivering a true copy of the **Summons; Complaint; Civil Case Cover Sheet; Certificate of Compulsory Arbitration**, to: **LISA FISCHER as LOBBY RECEPTIONIST,** a person authorized to accept service for **STATE OF ARIZONA, a municipal entity**, and informed said person of the contents therein, in compliance with State Statutes.

**Description** of Person Served: Age: 40+, Sex: F, Race/Skin Color: Caucasian, Height: 5'2", Weight: 145, Hair: Gray, Glasses: N

**Service Fee Items:**

| | |
|---|---|
| Standard Service of Process | $70.00 |
| Total | $70.00 |

I certify that I am over the age of 21, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Jennifer Aymong
Process Server #MC-8944

**Maricopa County Process Service, PLLC**
**600 E Baseline Rd**
**Suite B6**
**Tempe, AZ 85283**
**(602) 424-7474**

Our Job Serial Number: GUR-2020002113
Ref: CV2020-093215 - State of Arizona

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Attorneys for Freedom Law Firm
3185 South Price Road
Chandler, AZ 85248
(480) 765-7110



... OF THE
COURT
CCC #3
DEPOSITORY

20 JUN 18 PM 12: 35

FILED
BY F. FOWLER, DEP

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

JASMYNE RUDD, an individual

                       Plaintiff,

      vs.

STATE OF ARIZONA, a municipal entity; et al
                       Defendant.

Case Number: CV2020-093215

**RETURN OF SERVICE**

Received by Maricopa County Process Service, PLLC on the 12th day of June, 2020 at 3:18 pm to be served on **TREMAINE JACKSON, 19591 W Solano Dr, Buckeye, AZ 85326.**

I, Ed Dobbertin, do hereby affirm that on the **13th day of June, 2020 at 4:16 pm, I:**

.**SUBSTITUTE** served by delivering a true copy of the **Summons; Complaint; Civil Case Cover Sheet; Certificate of Compulsory Arbitration**, to: **YESENIA JACKSON as WIFE/CO-OCCUPANT** at the address of: **19591 W Solano Dr, Buckeye, AZ 85326**, the within named person's usual place of **Abode**, who is of suitable age and resides therein, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Description** of Person Served: Age: 40, Sex: F, Race/Skin Color: Hispanic, Height: 5'2", Weight: 160, Hair: Dark Brown, Glasses: Y

**Service Fee Items:**

| | |
|---|---|
| Standard Service of Process | $70.00 |
| Total | $70.00 |

## RETURN OF SERVICE For CV2020-093215

I certify that I am over the age of 21, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

I certify by my signature below that this Return of Service was executed electronically by the Certified Process Server whose information appears below the signature, that the Process Server has reviewed the information entered electronically, and that the Process Server's certification is in good standing.

Jennifer Aymong #MC8944 (Maricopa County)
Supervising Process Server

Ed Dobbertin
CH-PS201600003

**Maricopa County Process Service, PLLC**
**600 E Baseline Rd**
**Suite B6**
**Tempe, AZ 85283**
**(602) 424-7474**

Our Job Serial Number: GUR-2020002114
Ref: CV2020-093215 - Tremaine Jackson

WILENCHIK & BARTNESS
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810          Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com
diw@wb-law.com
*Attorney for Defendant Tremaine Jackson*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JASMYNE RUDD, an individual, | Case No.:  CV2020-093215 |
| Plaintiff, | **DEFENDANT TREMAINE JACKSON'S ANSWER TO COMPLAINT** |
| v. | |
| STATE OF ARIZONA, a municipal entity, and **TREMAINE JACKSON**, in his official and individual capacities, | **(Jury Trial Requested)** |
| Defendants. | |

COMES NOW Defendant Tremaine Jackson ("Defendant") and for his Answer to the Complaint does hereby admit, deny, and affirmatively allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Defendant lacks sufficient information so as to presently admit or deny the allegations contained therein.

2.     Defendant admits jurisdiction would be proper, assuming the complaints made therein were valid, but which are hereby denied.

3.     Defendant denies any "events" occurred, but otherwise is without sufficient information so as to admit or deny the allegation.

4.     Defendant lacks sufficient information so as to presently admit or deny the allegations contained therein.

5.     Defendant generally admits the allegations contained therein.

6.     Defendant admits the allegation contained therein.

7.     Defendant admits he was an agent of the State while employed and cannot admit or deny in what capacity he is claimed to be sued under.

8.     Defendant admits the allegations contained therein.

**DISCOVERY TIER**

9.     Defendant lacks sufficient information so as to presently admit or deny the allegations contained therein.

**GENERAL ALLEGATIONS**

1.     Defendant admits the allegations contained therein insofar as stopping the vehicle and admits only to what she was cited for.

2.     Defendant cannot respond to whether Plaintiff was terrified and denies the remaining allegations.

3.     Defendant denies the allegations as contained therein.

4.     Defendant denies the allegations as contained therein.

5.     Defendant denies the allegations as contained therein.

6.     Defendant denies the allegations as contained therein.

7.     Defendant denies the allegations as contained therein.

8.     Defendant denies the allegations as contained therein.

9.     Defendant denies the allegations as contained therein.

10.     Defendant denies the allegations as contained therein.

11.     Defendant denies the allegations as contained therein.

12.     Defendant denies the allegations as contained therein.

13.     Defendant denies the allegations as contained therein.

14.     Defendant cannot recall any service calls that he did not respond to as alleged and denies any remaining allegations as contained therein.

15.     Defendant denies the allegations as contained therein.

16.     Defendant denies the allegations as contained therein except admitting he handed her a citation.

17.     Defendant denies the allegations as contained therein.

18.     Defendant denies the allegations as contained therein.

19.     Defendant is without sufficient information to know what Plaintiff did or did not do.

20.     Defendant does not recall the exact time Plaintiff was detained but does not believe it was anything close to an hour.

21.     Defendant lacks sufficient information so as to presently admit or deny the allegations contained therein.

22.     Defendant denies the allegations as contained therein.

23.     Defendant denies the allegations as contained therein.

24.     Defendant denies the allegations as contained therein.

25.     Defendant lacks sufficient information so as to presently admit or deny the allegations contained therein.

26.     Defendant lacks sufficient information so as to presently admit or deny the allegations contained therein.

10.     Defendant lacks sufficient information so as to presently admit or deny the allegations contained therein.

11.     Defendant admits the allegations contained therein.

12.     Defendant denies the allegations as contained therein.

13.     Defendant denies the allegations as contained therein.

14.     Defendant lacks sufficient information so as to presently admit or deny the allegations contained therein.

15. Defendant denies the allegations as contained therein.

16. Defendant denies the allegations as contained therein.

17. Defendant denies the allegations as contained therein.

18. Defendant denies the allegations as contained therein.

## COUNT ONE

### 42 U.S.C. § 1983 – Civil Rights Violations

### (Against Defendant Jackson)

19. Defendant realleges all prior admissions, denials and affirmative allegations made hereinabove as though fully set forth herein.

20. Defendant denies the allegations as contained therein.

21. Defendant admits the allegations contained therein.

22. Defendant denies the allegations as contained therein.

23. Defendant denies the allegations as contained therein.

24. Defendant denies the allegations as contained therein.

25. Defendant denies the allegations as contained therein.

26. Defendant denies the allegations as contained therein.

27. Defendant denies the allegations as contained therein.

28. Defendant denies the allegations as contained therein.

29. Defendant denies the allegations as contained therein.

30. Defendant denies the allegations as contained therein.

31. Defendant denies the allegations as contained therein.

## COUNT TWO

### Intentional Infliction of Emotional Distress

### (Against Defendant Jackson)

32. Defendant realleges all prior admissions, denials and affirmative allegations made hereinabove as though fully set forth herein.

33. Defendant denies the allegations as contained therein.

1    34.    Defendant denies the allegations as contained therein.

2    35.    Defendant denies the allegations as contained therein.

**COUNT THREE**

**Assault**

**(Against Defendants Jackson and Arizona)**

36.    Defendant realleges all prior admissions, denials and affirmative allegations made hereinabove as though fully set forth herein.

37.    Defendant denies the allegations as contained therein but affirmatively admits to whatever the law requires.

38.    Defendant denies the allegations as contained therein.

39.    Defendant denies the allegations as contained therein.

40.    Defendant denies the allegations as contained therein.

41.    Defendant denies the allegations as contained therein.

42.    Defendant denies the allegations as contained therein.

43.    Defendant denies the allegations as contained therein.

44.    Defendant denies the allegations as contained therein.

45.    Defendant affirmatively alleges possible affirmative defenses available at law to him as discovery progresses under the Rules of Civil Procedure including but not limited to fraud, collusion, estoppel and waiver, lack of corroboration; absolute and/or qualified immunity, inconsistent allegations, contributory acts, voluntariness, lack of damages and failure to state a claim for relief and failure to establish that Defendant knew any actions he took were a clearly established violation of the constitution or federal laws.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follow:

A.    That Plaintiff's Complaint be dismissed, and that Plaintiff take nothing thereby.

B.    For such other and further relief as may be justified under the circumstances.

C.    For attorney's fees and court costs incurred per Federal Rules and Statutes.

WILENCHIK & BARTNESS
A PROFESSIONAL CORPORATION

**RESPECTFULLY SUBMITTED** June 26, 2020.

**WILENCHIK & BARTNESS, P.C.**

*/s/ Dennis I. Wilenchik*
Dennis I. Wilenchik, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorney for Defendant Tremaine Jackson*

**ELECTRONICALLY** filed June 26, 2020, via AZTurboCourt.com.

**COPY** electronically transmitted by the Clerk of the Court via AZTurboCourt.com to the Honorable Christopher Coury

**COPY** electronically served June 26, 2020, via AZTurboCourt.com upon:

Marc J. Victor, Esq.
Jody L. Broaddus, Esq.
Attorneys for Freedom
3185 South Price Road
Chandler, Arizona 85248
Marc@attorneyforfreedom.com
Jody@attorneyforfreedom.com
*Attorneys for Plaintiff*

By */s/ Christine M. Ferreira*